| STATE OF WISCONSIN | CIRCUIT COURT | RACINE COUNTY |

**SANDRA K. THURWANGER,**
**DAVID THURWANGER,**
2609 Hayes Avenue
Racine, WI 53405

    Plaintiffs,

**STATE FARM MUTUAL AUTOMOBILE**
    **INSURANCE COMPANY,**
a foreign corporation
c/o Jeff Marti
Registered Agent
245 S. Executive Drive, Suite 200
Brookfield, WI 53005,

**UNITEDHEALTHCARE OF WISCONSIN, INC.,**
a domestic corporation
c/o CT Corporation System
Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717,

    Involuntary Plaintiffs,

v.

**CHEROKEE INSURANCE COMPANY,**
a foreign corporation
34200 Mound Road
Sterling Heights, MI 48310,

**CHARLES BAILEY TRUCKING, INC.,**
7052 Roberts Matthews Highway
Cookeville, TN 38502,

**CLIFFORD L. MARKUM,**
957 Creed Wright Road
Walling, TN 38587, and

**ABC INSURANCE COMPANY,**
a fictitious insurance corporation,

    Defendants.

Case No. 14CV1407

John S. Jude

**SUMMONS**

FILED JUL 03 2014
CLERK OF CIRCUIT COURT
RACINE COUNTY

**AMOUNT CLAIMED GREATER THAN $5,000.00**

*PERSONAL INJURY-AUTO: 30101*

EXHIBIT A

1

THE STATE OF WISCONSIN

TO EACH PERSON NAMED ABOVE AS A DEFENDANT:

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days after receiving this Summons, you must respond to the Complaint with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Court, whose address is *730 Wisconsin Avenue, Racine, Wisconsin 53403*, and to HABUSH HABUSH & ROTTIER S.C. ®, whose address is *5439 Durand Avenue, Suite 220, Racine, Wisconsin 53406* and BECKER, FRENCH & DURKIN, whose address is *822 Wisconsin Avenue, Racine, Wisconsin 53403*. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Racine, Wisconsin this 1st day of July, 2014.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiff

Steven T. Botzau, *State Bar No. 1000611*
5439 Durand Avenue, Suite 220
Racine, WI 53406 (262) 554-6200
and
John A. Becker, *State Bar No. 01009488*
822 Wisconsin Avenue
Racine, WI 53403 (262) 633-7530

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS THAT THE ABOVE ACTION BE TRIED BY A TWELVE PERSON JURY.**

**P.O. ADDRESS:**
5439 Durand Ave., #220
Racine, WI 53406
(262) 554-6200

COPY

| STATE OF WISCONSIN | CIRCUIT COURT | RACINE COUNTY |

SANDRA K. THURWANGER,
DAVID THURWANGER,
2609 Hayes Avenue
Racine, WI 53405

    Plaintiffs,

Case No. **14 CV 1407**

*John S. Jude*

STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY,
a foreign corporation
c/o Jeff Marti
Registered Agent
245 S. Executive Drive, Suite 200
Brookfield, WI 53005,

COMPLAINT

UNITEDHEALTHCARE OF WISCONSIN, INC.,
a domestic corporation
c/o CT Corporation System
Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717,

**FILED**
JUL 03 2014
CLERK OF CIRCUIT COURT
RACINE COUNTY

    Involuntary Plaintiffs,

v.

**AMOUNT CLAIMED GREATER THAN $5,000.00**

CHEROKEE INSURANCE COMPANY,
a foreign corporation
34200 Mound Road
Sterling Heights, MI 48310,

CHARLES BAILEY TRUCKING, INC.,
7052 Roberts Matthews Highway
Cookeville, TN 38502,

CLIFFORD L. MARKUM,
957 Creed Wright Road
Walling, TN 38587, and

*PERSONAL INJURY-AUTO: 30101*

ABC INSURANCE COMPANY,
a fictitious insurance corporation,

    Defendants.

1

The above named plaintiffs by **HABUSH, HABUSH & ROTTIER S.C.®** and **BECKER, FRENCH & DURKIN,** their attorneys, as and for a Complaint against the above named defendants, allege and show to the Court as follows:

1. At the present time the plaintiffs, Sandra K. Thurwanger and David Thurwanger, are husband and wife and adult citizens and residents of the State of Wisconsin, residing at 2609 Hayes Avenue, Racine, Wisconsin.

2. At the present time the involuntary plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), is a foreign corporation, licensed to do business in the State of Wisconsin, with offices of its registered agent, Jeff Marti, located at 245 S. Executive Drive, Suite 200, Brookfield, Wisconsin; the said insurance company is an involuntary plaintiff by reason of §803.03, Wis. Stats., because it has an interest in the plaintiff's claim by reason of it being the medical payments carrier for the plaintiff, Sharon K. Thurwanger.

3. At the present time the involuntary plaintiff, UnitedHealthcare of Wisconsin, Inc. (hereinafter "UnitedHealthcare"), is a domestic insurance corporation duly licensed and existing under and by virtue of the Laws of the State of Wisconsin, with offices of its registered agent, CT Corporation System, located at 8040 Excelsior Drive, Suite 200, Madison, Wisconsin; the said insurance company is an involuntary plaintiff by reason of §803.03, Wis. Stats., as it has an interest in the plaintiff's claim by reason of it being a health insurance carrier for the plaintiff, Sharon K. Thurwanger.

4. At the present time the defendant, Cherokee Insurance Company (hereinafter "Cherokee") is a foreign corporation, duly licensed to do business in the State of Wisconsin, with offices located at 34200 Mound Road, Sterling Heights, Michigan; upon information and belief, said defendant does substantial business in Racine County; said defendant is engaged in the

business of writing and selling motor vehicle liability insurance; prior to the date of this accident, July 31, 2011, the defendant corporation had issued its policy of insurance to Charles Bailey Trucking, Inc., insuring said company or anyone operating said company's motor vehicles with permission and consent against any liability imposed by law arising out of the negligent operation of said company's motor vehicles which policy of insurance was in full force and effect at the time of this accident; upon information and belief at the time of the accident, Clifford L. Markum was operating, with permission and consent, a vehicle owned by Charles Bailey Trucking, Inc.; in the contract of insurance, Cherokee reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and it has a direct interest in this litigation; by virtue of the laws of the State of Wisconsin, Cherokee is a proper defendant herein.

5. Upon information and belief the defendant, Charles Bailey Trucking, Inc. (hereinafter "Charles Bailey Trucking") is a foreign corporation, with business office located at 7052 Roberts Matthews Highway, Cookeville, Tennessee; upon information and belief, Charles Bailey Trucking is in the business of interstate hauling and transportation of goods and materials.

6. Upon information and belief the defendant, Clifford L. Markum, is a citizen and resident of the State of Tennessee, with his last known address as 957 Creed Wright Road, Walling, Tennessee.

7. Upon information and belief, an unknown insurance company, herein designated pursuant to Sec. 807.12, Wisconsin Statutes, by the fictitious name of ABC Insurance Company, had issued a policy of insurance to defendant, Clifford L. Markum, which policy provided coverage to said Clifford L. Markum for claims such as those hereinafter set forth in this Complaint and which policy of insurance was in full force and effect at the time of the

hereinafter described matter; in said contract of insurance, said defendant insurance company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims; by virtue of the said contract of insurance, the defendant insurance company is a proper party defendant herein.

## FIRST CAUSE OF ACTION: NEGLIGENCE

8. Reallege and incorporate herein by reference all of the allegations contained in paragraphs one through seven of the Complaint herein.

9. On or about the 31st day of July, 2011, the plaintiff, Sharon K. Thurwanger, was operating her motor vehicle in the right lane of northbound I-94, at or about Golf Road, in the Town of Raymond, County of Racine, State of Wisconsin.

10. At the same time and place defendant, Clifford L. Markum, was operating a semi-tractor trailer, which vehicle was owned by Charles Bailey Trucking, northbound along I-94, at or about Golf Road, in a negligent manner, causing the semi-tractor trailer to collide with vehicle operated by the plaintiff, Sharon K. Thurwanger, seriously injuring her.

11. Upon information and belief, at the same time and place the defendant, Clifford L. Markum, was employed by Charles Bailey Trucking and was acting in the scope of his employment operating a semi-tractor trailer owned by his employer, Charles Bailey Trucking, with owner's permission and consent, northbound along I-94 at or about Golf Road, in the Town of Raymond, County of Racine, State of Wisconsin, in a negligent manner causing the semi-tractor trailer to collide with the vehicle operated by the plaintiff, Sharon K. Thurwanger, seriously injuring her.

12. The defendant, Clifford L. Markum, was negligent in the manner in which he operated the semi-tractor trailer and was otherwise negligent.

13. The above and foregoing acts of negligence on the part of the defendant was a direct and proximate cause of the injuries and damages sustained by the plaintiff, Sharon K. Thurwanger.

14. As a result of the negligence on the part of the defendants as afore alleged, the plaintiff, Sharon K. Thurwanger, sustained permanent injuries and damages, including past and future pain, suffering and disability and loss of enjoyment of life; past wage loss and impairment of future earning capacity; past and future medical expenses; and other compensable injuries.

15. Involuntary plaintiff, State Farm, is the medical payments carrier for the plaintiff, and as such carrier was obliged to pay hospital and medical bills for the treatment of said plaintiff for the injuries sustained as afore alleged; by reason of said injuries involuntary plaintiff, State Farm, expended money for hospital and medical bills and will be so obliged in the future and, therefore, may have a subrogation interest herein to the extent of its payments.

16. Involuntary plaintiff, UnitedHealthcare, is the health insurance carrier for the plaintiff, Sharon K. Thurwanger, and as such carrier was obliged to pay hospital and medical bills for the treatment of said plaintiff for the injuries sustained as afore alleged; by reason of said injuries, UnitedHealthcare, may have expended money for hospital and medical bills and will be so obliged in the future and, therefore, may have a subrogation interest herein to the extent of its payments.

### SECOND CAUSE OF ACTION: IN FAVOR OF THE PLAINTIFF: DAVID THURWANGER

17. Reallege and incorporate herein by reference all of the allegations of paragraphs one through sixteen of the Complaint herein.

18. The plaintiff, David Thurwanger, is the husband of the plaintiff, Sharon K. Thurwanger, and suffered loss of society and companionship of his wife and will in the future continue to sustain damages as a result of the injuries sustained by his wife.

WHEREFORE, the plaintiffs demand judgment against the defendants in an amount sufficient to constitute fair and reasonable compensation for all of the injuries and damages sustained by the plaintiffs together with actual reasonable attorney's fees and costs and disbursements as allowed by law.

Plaintiffs further demand, in the event of settlement or verdict in favor of the plaintiffs, the Court to grant an order declaring the plaintiffs' rights to such settlement or verdict proceeds to be paramount to that of any subrogated party unless dictated otherwise by Statute.

Finally, in the event of any subrogated party's failure to respond to this Complaint in a timely manner, the plaintiffs request this court to grant an order dismissing the subrogated party from this action and barring any claim for subrogation and/or reimbursement and barring the subrogated party from participating in any judgment or settlement in this action.

Plaintiffs allege that their damages are more than the minimum amount necessary to invoke the jurisdiction of this Court.

Dated at Racine, Wisconsin this __1st__ day of July, 2014.

                                                         **HABUSH HABUSH & ROTTIER S.C.®**
                                                         Attorneys for Plaintiff

                                                         Steven T. Botzau, *State Bar No. 1000611*
                                                         5439 Durand Avenue, Suite 220
                                                         Racine, WI 53406 (262) 554-6200
                                                         and
                                                         John A. Becker, *State Bar No. 01009488*
                                                         822 Wisconsin Avenue
                                                         Racine, WI 53403 (262) 633-7530

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS THAT
THE ABOVE ACTION BE TRIED BY A TWELVE PERSON JURY.**

**P.O. ADDRESS:**

5439 Durand Ave., #220
Racine, WI 53406
(262) 554-6200

7